# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| GERARD J. PUGH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CV419-252 |
| | ) |
| DISTRICT ATTORNEY MEG HEAP, | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, has submitted a 42 U.S.C. § 1983 Complaint alleging malicious prosecution. Doc. 1. He seeks to proceed *in forma pauperis* (IFP). Doc. 2. As Plaintiff does not appear indigent, the application of IFP should be **DENIED**.

In his application, Plaintiff claims to earn $1,100 in wages biweekly. Doc. 2 at 1.[1] He lists $400 in a cash or checking account and a car valued at $470. Doc. 8 at 2. Finally, he lists expenses totaling $774 per month. Although this *could* be enough to allow plaintiff to proceed IFP, he filed a number of other cases, on the same day he filed this one,

---

[1] In a subsequent application, plaintiff alleged that he received $650 per week, along with an additional $400 in rent payments and $104 in pension or life insurance payments. Doc. 8. As these amounts are essentially the same, the supplemental information does not change the analysis.

with differing information in the IFP application which indicate that he is not indigent and is capable of prepaying the $400 filing fee.  *See* Case No. CV419-250 (finding plaintiff capable of paying the filing fee).

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship.  *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages).  Two important points must be underscored.  First, proceeding IFP is a privilege, not an entitlement.  *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993).  And second, courts have discretion to afford litigants IFP status; it's not automatic.  28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue

hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).  Given his disclosed assets, Pugh is not indigent.  Accordingly, his application to proceed *in forma pauperis* should be **DENIED**.  Doc. 2.  Likewise, in a case filed on the same day as the one here, the Court determined that plaintiff was not entitled to proceed *in forma pauperis*.  *See* Case No. CV419-250, doc. 12.  Accordingly, the Court also **RECOMMENDS** a similar payment schedule should the assigned district judge adopt this Report and Recommendation.  *Id.* (recommending 21 days from the date of the order adopting to pay filing fee).

    This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 14th day of January, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA