# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| GERARD J. PUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-252 |
| | ) | |
| MEG HEAP, | ) | |
| District Attorney,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case was filed on September 30, 2019. Doc. 1. The Court granted plaintiff an opportunity to amend his complaint and, in doing so,

---

[1] Plaintiff does not specify whether his claims are alleged against Heap in her official or individual capacity. *See* doc. 1 at 2. The allegations appear to relate the Heap's position as District Attorney for Chatham County, Georgia, suggesting that they are official capacity claims. *See* doc. 1. Shalena Cook Jones succeeded Meg Heap as District Attorney on January 4, 2021. Pursuant to rule, Shalena Cook Jones should be substituted for Heap as the proper defendant for those official capacity claims. Fed. R. Civ. P. 25(d) (providing that when a public officer leaves office, "[t]he officer's successor is automatically substituted as a party."). As any claims brought against Heap in her official capacity would be futile on sovereign immunity and prosecutorial immunity grounds, the Court assumes that Pugh sues Heap in her individual capacity only and maintains her as the named defendant in this case. *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . .in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State. . . . ' "), *see Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent).

directed that the amended complaint be filed by November 2, 2020, and served on the defendants within 90 days of filing, pursuant to Federal Rule of Civil Procedure 4(m). Doc. 16. Plaintiff did not file an amended complaint but filed an untimely response indicating that he "hand deliver[ed] the petition civil action to [the] office of the defendant [unintelligible] day after receiving notice from the Court." Doc. 17. As plaintiff has not effected service of his pleadings or complied with the Court's Order, the Complaint should be **DISMISSED**.

Federal Rule of Civil Procedure 4(m) requires that a plaintiff effect service within 90 days of the complaint being filed. Fed. R. Civ. P. 4(m). Service upon an individual requires that a copy of the summons and complaint be delivered to the defendant or their agent personally or left at their home with a person of suitable age and discretion. Fed. R. Civ. P. 4(e); O.C.G.A. § 9-11-4(e)(7). Service upon a governmental organization, such as a district attorney's office, requires delivery of the complaint and summons to the organization's "chief executive officer." Fed. R. Civ. P. 4(j)(2); O.C.G.A. § 9-11-4(e)(5). Both the complaint and a summons must be served by someone over the age of 18 who is not a party to the case. Fed. R. Civ. P. 4(c)(1) & (2). Unless service is waived or completed by the

United States Marshals Service, the plaintiff must provide proof of service to the Court. Fed. R. Civ. P. (l)(1). If service is not completed within 90 days of filing, dismissal of the complaint is mandatory. Fed. R. Civ. P. 4(m).

Plaintiff's hand delivery of the "petition civil action" is not effective service for multiple reasons. First, it does not appear that a summons was served upon the defendant. Fed. R. Civ. P. 4(c)(1) In fact, no summons has been requested or issued in this case. Second, plaintiff, as a party to this case, cannot be the person to serve the pleadings. Fed. R. Civ. P. 4(c)(2). Third, hand delivery to the defendant's office is not an acceptable method of service. An individual must be served either in-person or at their home. Fed. R. Civ. P. 4(e). Even if the Court were to construe the complaint to allege claims against the district attorney's office, in-person service upon defendant would be required as its chief executive officer. Fed. R. Civ. P. 4(j)(2). Plaintiff has, therefore, failed to provide proof that service has properly been effected.

More than 19 months have passed since this case was filed. Doc. 1 (filed on September 30, 2019). Seven months have passed since the Court ordered plaintiff to file an amended complaint and to effect service. Doc.

16 (entered on October 19, 2020). Plaintiff long ago exceeded the 90 days permitted for service and has provided no good cause for drawing this case out any longer. Therefore, the Complaint should be **DISMISSED** for plaintiff's failure to serve.

Dismissal of this Complaint is also warranted by plaintiff's failure to comply with the Court's October 19, 2020, Order directing him to file and serve an Amended Complaint. Doc. 16. This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders. See S.D. Ga. L. Civ. R. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. Jun. 10, 1992). Despite having requested leave to amend, doc. 15, plaintiff never filed an amended complaint, as directed by the Court. As plaintiff has failed to comply with the Court's Order, this Complaint should be **DISMISSED**.

Accordingly, the Court **RECOMMENDS** that the Complaint be **DISMISSED** on the two separate and independent grounds of plaintiff's

failure to serve and failure to comply with the Court's Order. This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 27th day of May, 2021.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA